IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LH DINING L.L.C., doing business as, RIVER TWICE RESTAURANT | No. 2:20-CV-01869-TJS |
| Plaintiff, | |
| v. | |
| ADMIRAL INDEMNITY COMPANY | |
| Defendant. | |

**DEFENDANT ADMIRAL INDEMNITY COMPANY'S
<u>ANSWER WITH AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT</u>**

Defendant Admiral Indemnity Company ("Admiral"), by and through its undersigned counsel, Goldberg Segalla LLP, files the following Answer and Affirmative Defenses to the Complaint of Plaintiff LH Dining L.L.C., doing business as River Twice Restaurant ("Plaintiff"), and states as follows:

**I.   NATURE OF THE CASE**[1]

1. Paragraph 1 of the Complaint merely characterizes the nature of the claims asserted by Plaintiff in this action, and therefore requires no response. To the extent a response is required, Admiral admits that Plaintiff is seeking declaratory relief in this action based upon a policy of insurance issued by Admiral, although Admiral denies that Plaintiff is entitled to the judicial declaration it seeks.

---

[1] Admiral neither admits nor denies the validity of the section headings used in Plaintiff's Complaint. Rather, Admiral incorporates the section headings into this Answer for ease of reference to Plaintiff's Complaint.

1

2. Denied. Admiral is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint. Therefore, the allegations are denied.

3. Denied.

4. Denied.

## II. JURISDICTION

5. The allegations in this paragraph of the Complaint are conclusions of law to which no response is required.

6. Admiral admits that it has engaged in business activities in Pennsylvania and derived revenues from such business but otherwise denies the allegations of this Paragraph of the Complaint. As to whether Admiral is subject to personal jurisdiction in this Court with respect to the claims asserted in Plaintiff's Complaint, this is a legal conclusion to which no response is required.

7. The allegations in this paragraph of the Complaint are conclusions of law to which no response is required. As to Plaintiff's allegations that it has suffered business losses in an amount greater than $150,000, Admiral is without sufficient knowledge or information to form a belief as to the truth of the allegations and therefore denies them.

8. The allegations in this paragraph of the Complaint are conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied to the extent that the Complaint asserts that Admiral engaged in any acts and/or omissions that give rise to liability under the Complaint.

### III. PARTIES

9. Denied. Admiral is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint. Therefore, the allegations are denied.

10. Denied as stated. Admiral is an insurance company, incorporated in the State of Delaware, with a principal place of business at 301 Route 17 North, Suite 900, Rutherford, New Jersey 07070. Admiral is authorized to issue insurance policies in the Commonwealth of Pennsylvania and issued a contract of insurance bearing policy number 21-31876937-30, to LH Dining L.L.C., doing business as River Twice Restaurant with effective dates of September 23, 2019 to September 23, 2020. A true and correct copy of the Policy is attached hereto as Exhibit A (the "Policy"). By way of further response, the Policy is a document that speaks for itself. Any characterization or interpretation of the document by Plaintiff is denied.

### IV. FACTUAL BACKGROUND

**A.    Insurance Coverage**

11. Denied as stated. Admiral admits that it entered into the Policy with Plaintiff on or about September 23, 2019, a copy of which is attached as Exhibit A and that any payments Admiral is obligated to make under the Policy are subject to the terms, conditions, exclusions and all other provisions of the Policy. The remaining allegations in this paragraph seek to characterize the terms of the Policy, which speaks for itself. Any characterization or interpretation of the terms of the Policy by Plaintiff is denied.

12. Admitted that the insured location as described in the Policy is 1601 E. Passyunk Avenue, Philadelphia, Pennsylvania 19148 ("Insured Premises"). With respect to the remaining allegations in Paragraph 12, Admiral is without sufficient knowledge or information to form a

belief as to the truth of the allegations contained in this paragraph of the Complaint. Therefore, the remaining allegations are denied.

13. Admiral admits that 1601 E. Passyunk Ave., Philadelphia, Pennsylvania 19148 is the Insured Premises under the Policy, and further admits that Paragraph 13 of Plaintiff's Complaint lists the policy number of the Policy. Admiral denies the allegations in Paragraph 13 to the extent that it attempts to characterize and interpret the terms of the Policy, which speaks for itself.

14. Admiral admits that the Policy period is for September 23, 2019 to September 23, 2020 and that the Policy remains in effect. Admiral denies the remaining allegations in Paragraph 14 to the extent it attempts to characterize and interpret the terms of the Policy, which speaks for itself.

15. Admitted that Plaintiff paid a policy premium to Admiral with respect to the Policy. With respect to the remaining allegations in Paragraph 15, the Policy speaks for itself and Admiral denies any characterization or interpretation of the Policy by Plaintiff.

16. Denied. The Policy is a document that speaks for itself. Any characterization or interpretation of the document by Plaintiff is denied.

17. Denied. The Policy is a document that speaks for itself. Any characterization or interpretation of the document by Plaintiff is denied.

18. Denied.

19. Denied.

**B.      The Coronavirus Pandemic**

20.     Admiral denies the first sentence of this paragraph as stated. The remaining allegations in this paragraph of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied.

21.     Admiral is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint. Therefore, the allegations are denied.

22.     Admiral is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint. Therefore, the allegations are denied.

23.     Admiral is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint. Therefore, the allegations are denied.

24.     Admiral is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint. Therefore, the allegations are denied.

**C.      Civil Authority**

25.     Paragraph 25 purports to summarize the contents of a document attached to Plaintiff's Complaint. That document speaks for itself. Admiral denies any characterization or interpretation of the document by Plaintiff.

26.     Paragraph 26 purports to summarize the contents of a document attached to Plaintiff's Complaint and another document for which a hyperlink is provided in Paragraph 26.

5

These documents speaks for themselves. Admiral denies any characterization or interpretation of the documents by Plaintiff.

27. Paragraph 27 purports to summarize the contents of a document for which a hyperlink is provided in Paragraph 27 of Plaintiff's Complaint. That document speaks for itself. Admiral denies any characterization or interpretation of the document by Plaintiff.

28. Paragraph 28 purports to summarize the contents of a document attached to Plaintiff's Complaint. That document speaks for itself. Admiral denies any characterization or interpretation of the document by Plaintiff.

29. Paragraph 29 purports to summarize the contents of a document attached to Plaintiff's Complaint. That document speaks for itself. Admiral denies any characterization or interpretation of the document by Plaintiff.

30. Paragraph 30 purports to summarize the contents of a document attached to Plaintiff's Complaint. That document speaks for itself. Admiral denies any characterization or interpretation of the document by Plaintiff.

31. Denied.

**D.     Impact on River Twice Restaurant**

32. Admiral is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint. Therefore, the allegations are denied. Responding further, Admiral's understanding is that Plaintiff's restaurant is currently conducting business.

33. Admiral is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint. Therefore, the allegations are denied.

34. Admiral is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint. Therefore, the allegations are denied.

35. Admiral is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint. Therefore, the allegations are denied.

36. Admiral is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph of the Complaint. Therefore, the allegations are denied.

37. Denied.

38. Denied.

## V.   CAUSE OF ACTION
## DECLARATORY RELIEF

39. Admiral incorporates by reference the above paragraphs as though fully set forth at length herein.

40. The allegations in this paragraph of the Complaint contain conclusions of law and citations to case authority to which no response is required.

41. The allegations in this paragraph of the Complaint contain conclusions of law to which no response is required. To the extent that a response is required, the allegations are denied. Responding further, Admiral denies Plaintiff's contentions as to Admiral's duties, responsibilities or obligations under the Policy.

42. Paragraph 42 merely describes the nature of the judicial declaration sought by Plaintiff and therefore requires no response. To the extent a response is required, Admiral denies that Plaintiff is entitled to the judicial declaration that it seeks.

7

43. Paragraph 43 merely describes the nature of the judicial declaration sought by Plaintiff and therefore requires no response. To the extent a response is required, Admiral denies that Plaintiff is entitled to the judicial declaration that it seeks.

44. Paragraph 44 merely describes the nature of the judicial declaration sought by Plaintiff and therefore requires no response. To the extent a response is required, Admiral denies that Plaintiff is entitled to the judicial declaration that it seeks.

45. Paragraph 45 merely describes the nature of the judicial declaration sought by Plaintiff and therefore requires no response. To the extent a response is required, Admiral denies that Plaintiff is entitled to the judicial declaration that it seeks.

Any allegation in the Complaint not specifically admitted in this Answer is denied.

Admiral denies that Plaintiffs is entitled to any of the relief sought in Section VI. Prayer for Relief.

**WHEREFORE**, Admiral Indemnity Company respectfully requests that this Court enter judgment in its favor and against Plaintiff and that Plaintiff's claims be dismissed with prejudice. Admiral Indemnity Company further demands costs, interest and such other relief as the Court may deem just and appropriate.

## STATEMENT OF AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff's Complaint is barred to the extent the claims do not fall within the scope of coverage and/or are excluded by the terms of the Policy or to the extent Plaintiff has failed to comply with the terms, and conditions of the Policy.

**THIRD DEFENSE**

Plaintiff's claims are excluded from coverage by virtue of the Policy's Exclusion Of Loss Due To Virus Or Bacteria which precludes coverage for any loss or damage caused by or resulting from any virus, bacterium or other micro-organism that induces or is capable of inducing physical distress, illness or disease.

**FOURTH DEFENSE**

The Policy provides coverage only for direct physical loss of or damage to Covered Property at the Insured Premises caused by or resulting from any Covered Cause of Loss. Admiral has no obligation to Plaintiff under the Policy because Plaintiff has failed to demonstrate a direct physical loss of or damage to Covered Property at the Insured Premises resulting from any Covered Cause of Loss.

**FIFTH DEFENSE**

Business Income coverage provided by the Policy applies only for loss or damage due to the necessary "suspension" of the insured's "operations" during the "period of restoration." The "suspension" must be caused by direct physical loss of or damage to property at the Insured Premises, and the direct physical loss or damage must be caused by a Covered Cause of Loss. Admiral has no obligation to Plaintiff under the Policy's Business Income or Extra Expense coverage because Plaintiff has failed to demonstrate that the "suspension" of Plaintiff's operations was caused by direct physical loss of or damage to the Insured Premises.

**SIXTH DEFENSE**

Admiral has no obligation to Plaintiff under the Policy because even if the "suspension" of Plaintiff's operations had been caused by direct physical loss of or damage to the Insured Premises, which is denied, the loss or damage was not caused by a Covered Cause of Loss.

**SEVENTH DEFENSE**

Admiral has no obligation to Plaintiff under the Policy's Civil Authority coverage because Plaintiff has failed to demonstrate that a Covered Cause of Loss caused damage to property other than property at the Insured Premises.

**EIGHTH DEFENSE**

Admiral has no obligation to Plaintiff under the Policy's Civil Authority coverage because Plaintiff has failed to demonstrate that it has suffered actual loss of Business Income and Extra Expense caused by an act of civil authority that prohibits access to the Insured Premises as a result of direct physical loss of or damage to property within one mile of the Insured Premises.

**NINTH DEFENSE**

Admiral has no obligation to Plaintiff under the Policy's Civil Authority Coverage to the extent there is no action of civil authority that prohibits access to the Insured Premises. Admiral also has no obligation to Plaintiff under the Policy's Civil Authority Coverage because Plaintiff was not ordered to close its business in full by any governmental authority and/or did continue to offer take-out services.

**TENTH DEFENSE**

The Policy's Ordinance or Law exclusion precludes coverage for loss or damage caused directly or indirectly by the enforcement of any ordinance or law regulating the construction, use or repair of any property. To the extent Plaintiff seeks a declaration of coverage with respect to loss or damage caused directly or indirectly by the enforcement of any ordinance or law regulating the use of any property, coverage is excluded under the Policy.

**ELEVENTH DEFENSE**

There is or may be no coverage available to Plaintiff to the extent there has been loss or damage cause by the discharge, dispersal, seepage, migration release or escape of pollutants within the meaning of the Policy.

## TWELFTH DEFENSE

Admiral has no obligation to Plaintiff under the Policy to the extent Plaintiff has not complied with the Policy provision regarding Duties In The Event Of Loss or Damage.

## THIRTEENTH DEFENSE

Admiral has no obligation to Plaintiff under the Policy to the extent Plaintiff did not provide prompt notice of the loss or damage.

## FOURTEENTH DEFENSE

Admiral has no obligation to Plaintiff under the Policy because Plaintiff did not cooperate with Admiral in the investigation of the claim.

## FIFTEENTH DEFENSE

Plaintiff's recovery may be barred or limited by Plaintiff's failure to properly mitigate his damages.

## SIXTEENTH DEFENSE

Admiral reserves the right to assert any and all defenses to Plaintiff's Complaint that may be available to it, or that may become applicable based on discovery or further investigation.

## RESERVATION OF RIGHTS

The statements made and defenses asserted in this Answer are based on the information currently available to Admiral. Admiral reserves the right to assert additional or different defenses to the extent that facts developed in discovery or otherwise make such additional or different defenses appropriate.

Respectfully Submitted,

**GOLDBERG SEGALLA LLP**

Date: May 26, 2020

*/s/ Eric A. Fitzgerald*
Eric A. Fitzgerald, Esquire
Attorney ID No.: 72590
Hillary N. Ladov, Esquire
Attorney ID No.: 315833
1700 Market Street, Suite 1418
Philadelphia, PA 19103
267-519-6800
efitzgerald@goldbergsegalla.com
hladov@goldbergsegalla.com

*Attorneys for Defendant*
*Admiral Indemnity Company*

**CERTIFICATE OF SERVICE**

I, Eric A. Fitzgerald, hereby certify that a true and correct copy of the foregoing Defendant Admiral Indemnity Company's Answer with Affirmative Defenses was served on counsel of record via the Court's ECF system on May 26, 2020, upon the following:

Laurence S. Berman, Esq.
Daniel C. Levin, Esq.
Arnold Levin, Esq.
Fred S. Longer, Esq.
Levin Sedran & Berman
510 Walnut Street, Suite 500
Philadelphia, Pa 19106
lberman@lfsblaw.com
dlevin@lfsblaw.com
alevin@lfsblaw.com
flonger@lfsblaw.com
*Attorneys for Plaintiff, L.H. Dining, L.L.C., dba River Twice Restaurant*

Richard M. Golomb, Esq.
Kenneth J. Grunfeld, Esq.
Golomb & Honik
1835 Market Street, Suite 2900
Philadelphia, PA 19103
rgolomb@golombhonik.com
kgrunfeld@golombhonik.com
*Attorneys for Plaintiff, L.H. Dining, L.L.C., dba River Twice Restaurant*

                                            */s/ Eric A. Fitzgerald*
                                            Eric A. Fitzgerald

Date: May 26, 2020